## 76879. GLAD v. SCOTT.
(371 SE2d 271)

DEEN, Presiding Judge.

C. W. Scott died testate in 1968, leaving his widow a life estate in his Gordon County, Georgia farm, and directing that upon her death the farm should be sold and the proceeds divided equally among their seven children. Scott's son-in-law, Billy L. Gurley, was named as executor of the estate but predeceased the widow, thereby leaving a vacancy upon her death in 1987.

The seven children were sharply divided as to who should be appointed as administrator of the unadministered portion of the estate; that is, the farm. Two of the siblings, appellant Molean Scott Glad and Kenneth Scott, applied for appointment as administrators with the will annexed, pursuant to OCGA §§ 53-6-24 and 53-6-26. Two of the other five siblings, with the written and notarized consent of the remaining three, filed a caveat, pursuant to OCGA § 15-9-88, stating the grounds for their opposition to the appointment of the two applicants, and nominating in their stead appellant Waymond Scott and Jerelene Scott Gurley, pursuant to OCGA § 53-6-24 (3). The judge of the probate court appointed as co-administrators c.t.a. the attorneys who represented the opposing parties. Appellee Waymond Scott and Jerelene Scott Gurley filed an application for a *de novo* appeal in the Superior Court of Gordon County, which found that no proper selection of administrator(s) had been made in the probate court and appointed Waymond Scott administrator de bonis non c.t.a. During the hearing Clinton Scott, one of the three siblings who had joined in the nomination of Jerelene Gurley and Waymond Scott, stated that he no longer wished to nominate either of these two siblings but would acquiesce in the appointment of either.

Molean Scott Glad and Kenneth Scott now appeal from the appointment of Waymond Scott, enumerating as error (1) the court's alleged abuse of discretion in appointing a caveator as administrator "without any evidence to support this decision"; and (2), (3) the court's failure to appoint applicants as administrators when they had filed a *sworn* application which was subsequently opposed by an *unsworn* caveat allegedly failing to show the standing of the caveators or to present evidence in support of the caveators' allegations. *Held*:

1. We find no prohibition of the appointment of a caveator as administrator. OCGA § 53-6-24; see also OCGA §§ 53-6-29; 53-6-30; 53-6-31. Appellant's first enumeration is without merit.

2. As to the second and third enumerations of error, the law is silent as to any necessity *vel non* that a caveat be sworn; the sole statutory requirement is that it be written. The caveat at issue here was in writing, and no abuse of discretion was involved. OCGA § 15-9-88. Moreover, the record reveals that the caveators did show their

standing as heirs at law and beneficiaries of the will, and also presented evidence to support the objection to the appointment of applicants, including, *inter alia*, the fact that Kenneth Scott was in bankruptcy at the time the cause of action arose. Neither of these two enumerations of error has merit.

*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED JULY 7, 1988.

*Douglas R. X. Padgett*, for appellant.
*David K. Smith, J. C. Maddox*, for appellee.